## Brotherton v. Christ

*Paul R. Selecky*, for plaintiff.
*Cletus M. Lyman*, for defendant.

FLANNERY, J., May 16, 1949.—Plaintiff and defendant are sisters and are tenants in common, with others, in the property here involved. Their respective interests are disputed, but that is collateral to the relief asked and unnecessary for us to determine.

The parties share a 10-room home in which the tenancy exists. Plaintiff entered into possession in 1928 and occupies seven rooms, three of which are on the first floor and four on the second floor. Defendant, who has been in possession at least 30 years, occupies one room on the first floor and two rooms on the second floor.

Plaintiff alleges, inter alia, that she has paid rent to the other tenants in common from the time she took possession until 1942, but that defendant has never paid any. This allegation is irrelevant. At common

law, there was no liability among tenants in common for rent in the absence of an express contract: Kline v. Jacobs, 68, Pa. 57. However, by the Act of June 24, 1895, P. L. 237, sec. 1, 68 PS §101, the common-law rule was changed but made exclusive possession a prerequisite to the right of the tenant in common not in possession to recover his proportionate share of the rental value. Since the tenants in common out of possession are not complaining, plaintiff's allegation will be disregarded.

The chief complaint of the bill is that defendant is improving the portions of the house she occupies and while doing so is causing plaintiff an inconvenience. Plaintiff alleges that defendant caused a doorway to be cut from the bedroom she occupies to a common hallway, has changed locks, has forcibly moved her furniture into the room plaintiff uses as a living room and other acts which amounted to a forcible ejectment of plaintiff. It is further alleged that defendant has in the past sawed down certain shrubbery and damaged the landscaping. When, in what manner, and to what extent we are not told. She asks, inter alia, that defendant be perpetually enjoined from "interfering with the plaintiff in the enjoyment of *her property* . . .", "interfering with the peaceable enjoyment of *the plaintiff's portion of said premises*," etc. (Italics supplied).

Defendant filed preliminary objections and the case was argued before us on April 18, 1949.

A tenancy in common is an estate in which there is a unity of possession but separate and distinct titles, which may be distinct at different times, as also may the time of enjoyment be different; each tenant has a right to the entire but not to the sole possession: Speer v. Burns et al., 173 Pa. 77. It is a rule of general application that any coöwner of real estate has a right to enter upon the common estate and take possession of the whole thereof, but subject to the equal right of com-

panion in interest, with whose possession he may not interfere: 14 Am. Jur. 93, §23. Cotenants have the right to enjoy the estate as they please. But it is clear that the enjoyment referred to is not a capricious, irresponsible or malicious enjoyment of the common property, but a reasonable one.

From the information before us, it appears that defendant is attempting to improve the home, which is at least 40 years old. It is not averred that such is unnecessary, that it is in good repair, that defendant is acting capriciously or arbitrarily or that defendant's conduct is spiteful and malicious.

Plaintiff contends that she is entitled to injunctive relief. As authority for that relief, she refers us to 14 Am. Jur. 145, §78, where it is stated:

"As a general rule, a court of equity will not interfere between cotenants, even to restrain waste, unless it is of a positively malicious or unreasonable character. But since no person is required to suffer another to destroy his property, even though the destroyer is able to pay ample compensation, the courts are agreed that when one cotenant commits acts of waste or other harm that are likely to result in the destruction or permanent injury of the common estate, any of his cotenants may have injunctive relief upon proper application. . . ."

Acts of waste or other harm referred to in the above quotation are not present here. They are usually found in cases involving timber lands. We are then referred to Miles v. Pennsylvana Coal Co., 214 Pa. 544. This case affirmed the lower court, which held. "Injunctions are rarely issued as between tenants in common . . . to prevent waste . . . the court will grant an injunction only where the waste complained of is malicious or destructive"; 8 Lack Jur. 26. Nothing indicates that defendant acted maliciously or destructively. On the contrary, the alterations may enhance and preserve the common estate. Lastly, plaintiff refers us to Lewis

v. Walker's, Exrs., 165 Pa. 30, to support the proposition that equity would, by mandatory injunction, require the cotenant who altered the property to restore it to its original state. In this case, the alteration was done for the benefit of one not a cotenant and hence has no application.

The parties have had possession together since 1928. They evidently have been able to adjust differences that have probably occurred from time to time. Now the aid of equity is sought. In Filbert v. Hoff, 42 Pa. 97, at page 101, it is said:

". . . If tenants in common cannot agree together, let them procure partition, and if one has taken more than his share of the profits of the land, he can be compelled, in the proper form of action, to account to his cotenant for the overplus."

For any individual damage caused plaintiff by defendant's action she has adequate remedies at law.

Preliminary objections sustained.